DEADERICK JONES,

    Plaintiff,

v.

METRO ACTION COMMISSION, et al.,

    Defendants.

Case No. 3:25-00929

Judge Eli J. Richardson
Magistrate Judge Luke A. Evans

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Plaintiff's motion for costs incurred from the separate scheduling of the deposition of Lisa Beverly (Beverly). (Doc. No. 45.) Defendants filed a response. (Doc. No. 46.) Plaintiff did not file a reply. This matter is ripe for decision. For the reasons stated herein, Plaintiff's motion is Denied.

Beverly was originally scheduled to be deposed, along with other defense witnesses, on March 10, 2026. (Doc. No. 45.) Plaintiff "organized and funded" the depositions. *Id.* Beverly did not appear as scheduled. *Id.* Defendants, instead, made her available on March 26, 2026. *Id.* Plaintiff now seeks either a reimbursement of the $700 in costs that he incurred to arrange a court reporter for March 10; or an order that the Defendant be solely responsible for paying the court reporter for the rescheduled deposition date of March 26. *Id.* Plaintiff reached out to the Defendants several times requesting that he be reimbursed; however, Defendants refused. *Id.*

Defendants oppose the motion arguing that Beverly's failure to appear at the March 10, 2026 deposition, was "substantially justified" because she was diagnosed with COVID just two days prior. (Doc. No. 46.) Defendant's assert that they emailed Plaintiff on March 8, 2026, and notified him of Beverly's illness. *Id.* In the email message, Defendants suggested that Beverly's

deposition could proceed remotely via video teleconference. *Id.* According to Defendants, Plaintiff declined to proceed with the deposition remotely and further declined to work Beverly's deposition into another day when the parties were conducting other depositions. *Id.*

Rule 37(d) provides that, if "a party ... fails, after being served with proper notice, to appear for that person's deposition[,]" "the court must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1), (3). "This provision places the burden on the disobedient party to avoid expenses by showing that [the] failure [was] justified or that special circumstances make the award of expenses unjust." *Villalona-Rodriguez v. United States*, No. 3:18-CV-00786-CHB, 2019 WL 13218325, at *4 (W.D. Ky. Aug. 22, 2019). The Sixth Circuit instead has held that the disobedient party can demonstrate that its failure was "'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "There is a genuine dispute if the [failure to cooperate in] discovery 'has a reasonable basis in law and fact.'" *Osborn v. Griffin*, No. 2:11-CV-89-WOB-REW, 2014 WL 12647954, at *2 (E.D. Ky. July 7, 2014) (quoting *Pierce*, 487 U.S. at 566 n.2 (noting that "a [party's] position can be justified even though it is not correct")). Further, the Supreme Court opined that the phrase 'substantially justified' "has never been described as meaning justified to a high degree, ... but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565 (internal quotation marks omitted). The disobedient party must put forward more than just some justification. *Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D. Tex. 1985). Instead, "the Court's

2

focus must be on the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason [for the failure], then such a justification is 'substantial.'" *Id.*

In this instance, there is no question that Beverly failed to appear for her scheduled deposition due to illness. There is also no dispute that Plaintiff was made aware of her illness two days before the deposition and was offered alternatives that would have avoided additional court reporter expenses. Whatever his reasoning, Plaintiff chose not to avail himself of those options.

For these reasons, the Court finds that Beverly's failure to appear at the March 10, 2026 deposition was substantially justified; therefore, Plaintiff's motion (Doc. No. 45) is DENIED.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

3